**In re MULBERRY PHOSPHATES, INC., f/k/a Royster Company, et al., Debtors.**

**FULBRIGHT & JAWORSKI, Appellant,**

v.

**U.S. TRUSTEE, Appellee.**

**No. 92–1209–CIV–T–17A.**

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 18, 1992.

William Rochelle, III, Fulbright & Jaworski, New York City, for Fulbright & Jaworski.

---

## ORDER ON APPEAL

KOVACHEVICH, District Judge.

This cause is before the Court on appeal from the Order Allowing Compensation and Reimbursement of Expenses entered December 27, 1991, and the Order Denying Motion of Fulbright & Jaworski for Clarification of an Order and Findings of Fact Regarding Order Allowing Compensation and Reimbursement of Expenses entered June 22, 1991, by Bankruptcy Judge Alexander L. Paskay, and request for Rehearing under Bankruptcy Rule 9023.

ISSUE:

Whether or not the trial court correctly entered an order denying Fulbright & Jaworski's application for reimbursement of disbursements totalling $65,453.20 based on findings of fact that such expenses constituted "overhead" and were noncompensable.

STANDARD OF APPELLATE REVIEW:

■ The applicable standard of appellate review is that a bankruptcy court's award of attorney's fees shall not be disturbed on appeal absent an abuse of discretion or an erroneous application of the law. *In re*

*Nucorp Energy, Inc.,* 764 F.2d 655 (9th Cir.1985). Bankruptcy judges have broad discretion in determining attorney's fees for bankruptcy proceedings. Such discretion may be abused by failing to apply proper legal standards, by failing to follow proper procedures, or by basing award on findings of fact that are clearly erroneous. *Grant v. George Schumann Tire & Battery Co.,* 908 F.2d 874 (11th Cir.1990). Appellant is entitled to a *de novo* review of all conclusions of law.

FACTS OF THE CASE:

On April 8, 1991, Mulberry Phosphates, Inc., f/k/a Royster Company, et al. each filed voluntary petitions in the United States Bankruptcy Court for the Southern District of New York for reorganization relief under chapter 11 of title 11, United States Code. By order dated that same day, the New York Bankruptcy Court authorized the Debtors to retain Fulbright & Jaworski (Fulbright) pursuant to 11 U.S.C. § 327(a) as general bankruptcy counsel. The Debtors' principal facilities include a plant located in Mulberry, Florida. By order dated May 28, 1991, the New York Bankruptcy Court transferred venue of the Debtors' cases to the United States Bankruptcy Court for the Middle District of Florida. The cases were assigned to Chief United States Bankruptcy Judge Alexander L. Paskay.

As permitted by the Bankruptcy Code, 11 U.S.C. § 331, Fulbright filed a fee application with the Bankruptcy Court dated September 23, 1991. This fee application sought compensation in the amount of $633,322 and reimbursement for disbursements in the amount of $74,542.38 for services rendered on behalf of the Debtors. After a hearing on October 24, 1991, the Bankruptcy Court entered 'an order dated December 27, 1991 allowing Fulbright reasonable fees in the amount of $572,875, and reasonable costs occurred in the amount of $9,089.18.

The Bankruptcy Court denied approximately 88% of Fulbright's requested disbursements without specifying which of the disbursements it was allowing and

which it was denying. On January 3, 1992, Fulbright filed a request for findings of fact in connection with the fee order.

The Bankruptcy Court entered findings of fact dated March 23, 1992 addressing the denial of certain disbursement requests. The court noted that Fulbright's fee application "includes many entries for large blocks of time, and many of the services were inadequately described." Further, the court stated that "the Application is replete with entries seeking compensation for conferences regarding undescribed topics, for research on matters this court can not determine, and for internal conferences with several members of the firm."

In its findings of fact, the Bankruptcy Court also stated that the bulk of the disbursements which it denied were not compensable because they constituted "overhead." Specifically, the court stated that requested compensation for in-house copying, computer research, federal express and delivery charges, meals, secretary time, telecopies, local travel, and purchase of handbooks were denied because they all constituted overhead. The court stated that such overhead costs can not be reimbursed because they are built into the applicant's hourly billing rate.

After the findings of fact were issued, Fulbright filed a motion on April 1, 1992 for clarification of the Fee Order and for rehearing. After a hearing held on May 8, 1992, the Bankruptcy Court entered an order on June 22, 1992 denying the motion. It is the Bankruptcy Court's denial of $65,-453.70 in disbursements which appellant Fulbright now appeals.

DISCUSSION:

■ The Court will address the validity of the denial of reimbursement for costs and expenses based upon the Bankruptcy Court's findings of fact. Initially, the Bankruptcy Court was correct in denying compensation for specific internal conferences on the grounds that they were inadequately described in the fee application. The services outlined in this manner were clearly insufficient for the court to determine if these services were beneficial or even necessary, as required by 11 U.S.C.

§ 330. At the very least, an entry should note the nature and purpose of the various conferences, as well as the parties involved. *In re NRG Resources, Inc.*, 64 B.R. 643 (W.D.La.1986).

■ The Bankruptcy Court was also correct in denying compensation for entries of large blocks of time in Fulbright's fee application. Applicants cannot circumvent the requirements of detail by "lumping" together several activities into a single entry. If such lumping were permitted, the court would be unable to determine whether or not the time spent on a specific task was reasonable. *In re Affinito & Son, Inc.*, 63 B.R. 495 (Bankr.W.D.Pa.1986). Therefore, the entries in appellant's fee application which were inadequately described, and those which were lumped together in large blocks of time, were properly denied as a determination within the Bankruptcy Court's sound discretion.

■ With respect to the additional reimbursement sought by the appellant, the essential issue is whether the bankruptcy court properly determined that such expenses constituted "overhead." Overhead, for the purposes of determining reimbursable costs in bankruptcy cases, includes "all administrative or general expenses incident to operating a firm which cannot be attributed to a particular client or case." *In re Wildman*, 72 B.R. 700, 731 (Bankr.N.D.Ill. 1987); *In re Rusty Jones, Inc.*, 134 B.R. 321 (Bankr.N.D.Ill.1991). Expenses which constitute overhead are taken into account in determining the hourly billing rate of the attorney and therefore cannot be reimbursed in a bankruptcy case. *In re Bicoastal Corp.*, 122 B.R. 140 (Bankr.M.D.Fla. 1990); *In re Braniff, Inc.*, 117 B.R. 702 (Bankr.M.D.Fla.1990); *In re Pacific Express, Inc.*, 56 B.R. 859 (Bankr.E.D.Cal. 1985).

Appellant Fulbright argues that it employs a "user fee" billing system whereby it keeps records allowing it to bill clients only for disbursements they use. Given the fact that clients are only billed for the services they actually use, such expenses *are* "attributed to a particular client or

case" and therefore do not fit within the definition of "overhead."

Appellant cites a line of cases in support of the proposition that services which are primarily clerical or administrative in nature may be compensable within the scheme of 11 U.S.C. § 330 only if the services are properly attributable to the individual estate. *In re Stanley*, 120 B.R. 409 (Bankr.E.D.Tex.1990); *In re Leonard Jed Co.*, 118 B.R. 339 (Bankr.D.Md.1990); *In re Ginji Corp.*, 117 B.R. 983 (Bankr.D.Nev. 1990). These cases recognize that actual and necessary costs are compensable under U.S.C. § 330 insofar as such expenses are not merely part of the ordinary operating expenses of the law practice. The *Ginji* court recognized examples of such compensable expenses as: computer research, long distance telephone calls, fax machine charges, postage and federal express expenses, photocopying charges and secretary overtime.

The Bankruptcy Court failed to hear argument concerning Fulbright's user fee billing system at the motion hearing held on May 8, 1992. Judge Paskay stated that it was the court's policy that disbursement items are principally overhead, and that although some courts allow reimbursement for such expenses he would not. The Bankruptcy Court refused to hear further argument on the issue of whether the disbursements in this case actually fit within the definition of overhead.

The Court finds persuasive the line of cases cited by Appellant and adopts their reasoning. The Court also finds persuasive Appellant's argument that such expenses do not constitute overhead in the instant case due to the use of the user fee billing system.

Additionally, Appellant argues that Fulbright's non-bankruptcy clients accept the user fee arrangement and the firm has collected 97.5% in billed disbursements from these clients in the past. The Bankruptcy Court also refused to hear argument with regard to the reimbursement of disbursements from non-bankruptcy clients.

11 U.S.C. § 330(a)(1) provides that reasonable compensation is to be determined based on "the nature, the extent and the value of such services, the time spent on such services, *and the cost of comparable services other than in a case under this title*" (emphasis added). Given that Fulbright has collected under this user fee billing system from its non-bankruptcy clients in the past, under § 330(a)(1) its bankruptcy clients should be expected to pay for billed disbursements as well.

Upon due consideration, the Court finds the brief of Appellant on this issue persuasive. Disbursements such as clerical expenses, postage and express mail services, local travel expenses and computer time do not constitute overhead in this case because they are all attributable to an individual client through the user fee billing system. This Court additionally finds persuasive the argument of Appellant that Fulbright should be reimbursed for costs expended on behalf of the debtor when such disbursements would ordinarily be recovered from a non-bankruptcy client.

An abuse of judicial discretion may be found where the court has based an award on findings of fact that are clearly erroneous. *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874. This Court, having carefully considered the issue on appeal, concludes that the bankruptcy court erred in determining in its findings of fact that the expenses at issue constitute overhead.

Since the Bankruptcy Court refused to allow argument on these determinative facts, this Court remands this case back to the Bankruptcy Court for further proceedings not inconsistent with this Order. Accordingly, it is

**ORDERED** that the case is remanded back to the Bankruptcy Court for further proceedings on the issue of reimbursement of disbursements and expenses.

**DONE AND ORDERED.**