In re MULBERRY PHOSPHATES, INC., f/k/a Royster Company, et al., Debtors.

No. 92–1209–CIV–T–17A.

United States District Court, M.D. Florida, Tampa Division.

June 24, 1994.

John Karl Olson, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Tampa, FL, for Mulberry Phosphates, Inc.

William Rochelle, III, Fulbright & Jaworski, New York City, for Fulbright & Jaworski.

---

**APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**

KOVACHEVICH, District Judge.

### ORDER ON APPEAL

This cause is before the Court on appeal from the Order Allowing Compensation and Reimbursement of Expenses, dated December 24, 1991, and the Order Denying Motion of Fulbright & Jaworski for Clarification of an Order and Findings of Fact Regarding Order Allowing Compensation and Reimbursement of Expenses, dated June 22, 1992, or alternatively for Rehearing under Bankruptcy Rule 9023, from the Findings of Fact dated March 23, 1992 Regarding Order Allowing Compensation and Reimbursement of Expenses, and from the Findings on Remand dated October 13, 1993.

*ISSUE:*

Whether or not the Bankruptcy Court correctly ordered, on remand, that the law firm Fulbright and Jaworski ("Fulbright") is not entitled to reimbursement of disbursements totalling $65,453.20 based on this Court's Order on Appeal which found that expenses attributable to individual clients were reimbursable.

*STANDARD OF APPELLATE REVIEW:*

 A district court shall not overturn a bankruptcy court's award of attorney's fees unless the judge abused his discretion in failing to apply proper legal standards or in making clearly erroneous factual findings. *Grant v. George Schumann Tire Battery Co.,* 908 F.2d 874 (11th Cir.1990); *In re Nucorp Energy, Inc.,* 764 F.2d 655 (9th Cir.1985). The district court shall review *de novo* all conclusions of law.

*FACTS OF THE CASE:*

The facts leading up to this appeal from the trial court's order on remand are the same as were reported in this Court's first Order on Appeal. *In re Mulberry Phosphates, Inc.,* 151 B.R. 948, 949–50 (M.D.Fla. 1992) (Kovachevich, J.). On remand, the Bankruptcy Court rejected the "user fee principle" as standing for the proposition that a law firm could appropriately charge a client for the client's pro rata shares of "maintaining the library, word processors, rent, utility bills, occupational licenses and furnishings." The Bankruptcy Court analyzed the itemized expenses in dispute to determine whether each of the items was necessary and justified. Finally, the Court concluded that none of the items were necessary or justified and ordered that Fulbright was entitled to its original award of $9,089.19. Fulbright filed a brief on the appeal. The U.S. Trustee did not file a response.

*DISCUSSION:*

 Generally, actual and necessary expenses are reimbursable. 11 U.S.C. § 330(a)(2). The traditional approach to determining which expenses are reimbursable and which are not depends on whether the particular expense was allocable to a particular client and therefore not overhead. *In re Mulberry Phosphates, Inc.,* 151 B.R. 948, 951 (M.D.Fla.1992) (Kovachevich, J.). The courts following the traditional approach do not allow reimbursement for overhead costs.

At least one bankruptcy court has rejected the traditional approach. *In re New Hampshire Electric Cooperative, Inc.,* 146 B.R. 890, 893 (Bankr.D.N.H.1992). The *New Hampshire* court held that the traditional bright line test is ineffective because recent technological innovations allow firms to effectively bill clients for shares of all costs that the firm formerly billed exclusively as overhead. *Id.* at 893 Although the *New Hampshire* court found that "overhead" was not precisely definable, the court recognized the efficacy of referring to "existing customs and practices outside the bankruptcy court arena." *Id.* at 896. The court's concern was that with technology as an aid, law firms could charge virtually every expense of the running the law firm to individual clients.

*Id.* at 893. The court used the statutory terms of "actual" and "necessary" to analyze the expenses. *Id.* at 903. Actual expenses were those which are obviously attributable to a bankruptcy client. *Id.* Necessary expenses were those that do not raise a substantial question of necessity considering all pertinent available alternatives. *Id.*

Yet another court referenced common practices in its analysis of reimbursement of expenses. *In re Miguel,* 123 B.R. 634, 637 (Bankr.E.D.Cal.1991). The *Miguel* court found that law firms may either increase their hourly rates to accommodate the overhead expense items or bill certain expense items directly to individual clients. *Id.* Regardless of the recovery method, the "evil" which bankruptcy courts should guard against is "double collection" by the law firm. *Id.* at 640. Accordingly, bankruptcy courts scrutinize law firms' fee applications to assure avoidance of double billing. *Id.* at 637.

■ Although the *New Hampshire* court rejected the law firm's reimbursement request and the *Miguel* court awarded reimbursement, the fact that both courts referred to actual billing practices as a factor in determining whether an item is reimbursable shows that the proper analysis is to consider the actual billing practices of the industry and the particular firm.

■ The essence of the dispute on appeal is what expenses should be separately billed as overhead and what expenses should be absorbed into the hourly fees charged to clients. *In re Mulberry Phosphates, Inc.,* 151 B.R. 948, 950 (M.D.Fla.1992). Law firms should not separately bill clients for overhead expenses if the firm considers overhead expenses when setting its hourly rates charged to clients. *See, e.g., In re Miguel,* 123 B.R. 634, 637 (Bkrtcy.E.D.Cal.1991).

■ However, if a firm charges particular expenses to particular clients for particular uses, then those expenses are not overhead expenses. *In re Miguel,* 123 B.R. at 637. Accordingly, a firm could properly charge the client for particular expenses used by the client. When using such a "user fee" system, a law firm could then charge lower hourly rates for rendering its legal advice to clients.

If a law firm were to not use a user fee billing system, then it would raise its hourly fees to account for all the overhead expenses of the firm. The result is that some clients will pay for the expense of using certain services of the law firm although that particular client did not require the particular service. Because fees awarded in bankruptcy cases have a limit under Section 330(a)(1), attorneys cannot, without limit, increase their fees to account for high or increasing overhead expenses. If, on the other hand, the law firm both sets its hourly rates considering all overhead expenses and directly bills clients for use of particular services, then the law firm impermissibly double bills the client.

On remand, Judge Paskay found that Fulbright's user fee billing system could be used to double bill clients for overhead expenses by charging an hourly rate that subsumed particular expenses that the law firm could also charge the client directly. Judge Paskay also rejected the market-based argument that reference to how a firm actually charges expenses to other clients should be used. Subsequently, Judge Paskay analyzed the reimbursement requests for fax, copying, secretarial meals and overtime, limousine, and taxi expenses. He found that the law firm would had to have explained why certain expenses were used before such expenses would be reimbursed. He found no adequate explanation for any of the reimbursements sought.

■ The legal principle expressed by this Court in the first order on appeal was that reimbursable expenses are those that do not fall within the traditional definition of "overhead." *In re Mulberry Phosphates, Inc.,* 151 B.R. 948, 950 (M.D.Fla.1992). Expenses not attributable to overhead are those which are attributable to individual clients and are not merely the ordinary operating costs of a law firm. *Id.* All the expenses Fulbright requested for reimbursement were reimbursable because such expenses were attributable to individual clients through the firm's user fee billing system. Appellant is correct in pointing out that Judge Paskay failed to properly apply the legal standard from this Court's order on appeal.

Finding the requested reimbursement items as principally overhead, Judge Paskay also reached clearly erroneous factual findings. Judge Paskay refused to consider that those items were actually attributable to individual clients. Fulbright provided the Bankruptcy Court with ample evidence that expenses were directly attributable to Mulberry Phosphates, Inc. Properly applying the standard, the Bankruptcy Court should have found that the reimbursements requested by Fulbright were not overhead because they were expenses of representing Mulberry. Accordingly, Judge Paskay abused his judicial discretion in his clearly erroneous findings of fact and by not applying the above legal standard.

Because the Bankruptcy Court failed to apply the appropriate legal standard and reached clearly erroneous findings of fact, this Court again remands this case to the Bankruptcy Court for further proceedings not inconsistent with this Order. Accordingly, it is

**ORDERED** that the case is **REMANDED** to the Bankruptcy Court for entry of an order awarding Fulbright reimbursement expenses in the amount of $65,453.20.

**DONE AND ORDERED.**