**In re POSEIDON POOLS OF AMERICA, et al., Debtors.**

No. 95 CV 3419.

United States District Court, E.D. New York.

Nov. 24, 1997.

Joel Lewittes, Parker, Chapin, Flattau & Klimpl, L.L.P., New York City, for appellant.

Alan Nisselson, c/o Brauner, Baron, Rosenzweig & Klein, New York City, for trustee.

## MEMORANDUM AND ORDER

NICKERSON, Senior District Judge.

Appellant Parker Chapin Flattau & Klimpl, a law firm, appeals from a July 31, 1995 order of the bankruptcy court (Holland, J.) deciding its application for final allowance of attorney fees and requiring disgorgement of $84,623.15 in funds appellant received during the pendency of the bankruptcy.

This court has jurisdiction pursuant to 28 U.S.C § 158(a), which provides for appellate jurisdiction in the district courts from "final judgments, orders, and decrees ... of bankruptcy judges." The Court reviews the bankruptcy court's factual findings under the clearly erroneous standard and its legal conclusions *de novo*. *See In re Chateaugay Corp.*, 104 B.R. 637, 642 (S.D.N.Y.1989).

### Facts

Debtors Poseidon Pools of America, Inc. and six wholly-owned subsidiaries filed Chapter 11 petitions in February and March 1991. Their cases were consolidated, and appellant was retained as counsel to the debtors as of February 13, 1991. The bankruptcy court converted the cases to Chapter 7 by order dated September 15, 1992.

On February 19, 1992 appellant first applied for compensation of services and reimbursement of expenses. The bankruptcy court on April 2, 1992 awarded an advance of $183,588.46 subject to final fixing of fair and reasonable value. Appellant filed a final application for compensation on October 2, 1992, and the bankruptcy court held hearings on the application on October 14 and October 28, 1992. The bankruptcy court allowed a further advance of $140,748.92 on May 28, 1993 pending final disposition of the application. The trustee raised no objections to the application.

On July 31, 1995 the bankruptcy court set final compensation in the amount of $239,-164.23 and directed the return of $84,623.15 that appellant had received in excess of that amount.

This court granted a stay of the bankruptcy court's order pending this appeal.

### The Bankruptcy Court's Order

■ Judge Holland examined in detail each of the firm's time entries to ascertain (1) whether the services were adequately documented and (2) whether they were actual and necessary. He noted that it is the affirmative duty of the bankruptcy court to examine the propriety of fees even where no objections are raised. *See* Bankr.Code, 11 U.S.C.A. § 330; *In re Ferkauf,* 42 B.R. 852, 853 (Bankr.S.D.N.Y.1984), *aff'd.,* 56 B.R. 774 (S.D.N.Y.1985). Citing inadequate descriptions, duplicative services, and lumping of tasks, Judge Holland granted the final allowance.

Appellant says that the bankruptcy judge abused his discretion by declining to allow its fee application in full, and argues that the judge did not determine a lodestar figure and did not consider the value of the firm's services to the debtors in reducing their secured debt from $2.8 million to $350,000.

■ While any determination of fees must begin with a lodestar figure, *see In re Cena's Fine Furniture, Inc.,* 109 B.R. 575, 581 (E.D.N.Y.1990), the contention that the bankruptcy judge did not compute such a figure is inaccurate. A lodestar figure is calculated by multiplying "the hours reasonably spent by counsel" by a "reasonable hourly rate." *F.H. Krear & Co. v. Nineteen Named Trustees,* 810 F.2d 1250, 1263 (2d Cir.1987).

■ Judge Holland reviewed the firm's time entries to arrive at a number of compensable hours spent by counsel, then multiplied those hours by the hourly rates stated in the application. The judge did apply the lodestar method.

■ Appellant asserts that the bankruptcy court should not have disallowed time entries for "lumping" and duplication of services. The bankruptcy court had discretion to make such determinations. *See. e.g., In re The Bennett Funding Group, Inc.,* 213 B.R. 234, 245 (Bankr.N.D.N.Y.1997) ("It is ... an accepted principle that generally no more than one attorney may bill for time spent in intra-office conferences or meetings absent an adequate explanation."); *In re Blackwood Assocs.,* 165 B.R. 108, 113 (Bankr.E.D.N.Y. 1994) ("as a general rule, when 'services ... have been lumped together [they] are not compensable.'") (quoting *In re Navis Realty, Inc.,* 126 B.R. 137, 141 (Bankr.E.D.N.Y. 1991)).

■ The contention that the bankruptcy court failed to consider the value of appellant's services to the debtors is speculative. While the bankruptcy court may decide that enhancement or reduction of the lodestar figure is warranted by particular circumstances, *see, e.g ., In re General Oil Distribs., Inc.,* 51 B.R. 794, 802 (Bankr.E.D.N.Y.1985), an upwards adjustment of the lodestar amount is "proper only in certain 'rare' and 'exceptional' cases." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986) (quoting *Blum v. Stenson,* 465 U.S. 886, 899, 104 S.Ct. 1541, 1549, 79 L.Ed.2d 891 (1984)).

■ The awarding of attorney's fees by a bankruptcy court is a matter within its discretion, and the court's decision is rarely set aside. *See In re Nine Assocs.,* 76 B.R. 943, 944 (S.D.N.Y.1987) (holding that reversal is justified " 'only when there is no evidence whatsoever to sustain [the bankruptcy court's] findings' ") (quoting *In re Savarese,* 56 F.Supp. 927, 928 (E.D.N.Y.1944)). This court cannot say that the bankruptcy court abused its discretion by not granting an enhancement of the lodestar amount on the basis of benefit to the debtors.

■ Appellant further urges that if Judge Holland disallowed part of its compensation request because of inadequate entries on the time sheets submitted, he should have granted an opportunity to supplement those entries. A decision in the Third Circuit suggests that the Bankruptcy Code, and possibly the dictates of Fifth Amendment due process, would mandate a hearing so that a good faith applicant could defend its fee application. *See In re Busy Beaver Bldg. Centers, Inc.,* 19 F.3d 833, 846 (3d Cir.1994). This court declines to extend that suggestion and will abide by the general rule that uncertainties due to poor record-keeping will be resolved against the applicant. *See New York*

*Ass'n For Retarded Children v. Carey,* 711 F.2d 1136, 1142, 1146 (2d Cir.1983).

Appellant raises various other objections to Judge Holland's opinion such as his decision to convert the cases from Chapter 11 to Chapter 7. As these objections have little relevance to the reasonableness of the award this court will not revisit them.

 Finally appellant argues that its application for expenses should have been granted. Judge Holland denied reimbursement for photocopying, facsimile, postage, courier service, travel, meals, and word-processing expenses on the basis that no showing was made that the disbursements were necessary and reasonable or that they were excluded from the firm's overhead. *See* Bankr.Code, 11 U.S.C .A. § 330(a)(1)(B).

While bankruptcy courts do often allow reimbursement of expenses, there is no abuse of discretion in requiring that such a showing be made and disallowing reimbursement if it is not. *See, e.g., In re Croton River Club, Inc.,* 162 B.R. 656, 662 (Bankr. S.D.N.Y.1993) ("an estate is unnecessarily burdened, and a law firm undeservedly benefitted, when it is charged hourly billing rates which indirectly include charges for overhead expenses and then ... is billed separately for such overhead expenses as photocopying and word processing."); *In re Rego Crescent Corp.,* 37 B.R. 1000, 1019 (Bankr.E.D.N.Y. 1984) (disallowing out-of-pocket expenses for reproduction, photocopying, travel and messengers as "part of the operation of an office and must be considered part of its overhead"). Judge Holland acted within his discretion in denying reimbursement of expenses.

The order of the bankruptcy court is affirmed.

So ordered.