**DUNKIN'S DIAMONDS, INC., et al.**

**Dunkin's Diamonds of Ohio, Inc.**

**Dunkin's Diamonds & Gold of Newark, Inc.**

**Dunkin's Management of Port Charlotte, Inc.**

**Chavis and Dunkin's Management, L.L.C.**

**Dunkin's Diamonds by Lenny, Inc.**

Nos. 9:08–bk–17618–ALP, 9:08–bk–17613–ALP, 9:08–bk–17614–ALP, 9:08–bk–17615–ALP, 9:08–bk–17616–ALP, 9:08–bk–17617–ALP.

United States Bankruptcy Court, M.D. Florida, Ft. Myers Division.

Dec. 15, 2009.

Stephen R. Leslie, Esq., Stichter, Riedel, Blain & Prosser, P.A., Tampa, FL, for Debtors.

Heather L. Yonke, Esq., Genovese, Joblove & Battista, P.A., Miami, FL, for the Official Committee of Unsecured Creditors.

Richard J. Hollander, Esq., Miller and Hollander, Fort Myers, FL, for Stuart B. Dunkin.

J. Steven Wilkes, Esq., U.S. Dept. of Justice, Office of the U.S. Trustee for Region 21, Tampa, FL, for U.S. Trustee.

**FINAL ORDER ON APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PAUL BATTISTA, ESQ., OF THE LAW FIRM GENOVESE, JOBLOVE & BATTISTA, P.A., LOCAL CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS (Doc. Nos. 294 & 338) AND THE AMENDED OBJECTION TO SAME BY THE UNITED STATES TRUSTEE (Doc. No. 380) AND THE DEBTORS' PRINCIPAL, STUART DUNKIN (Doc. No. 353)**

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THIS IS a confirmed Chapter 11 set of jointly administered cases and the matters under consideration by the Court in this instant final order are the applications for compensation and reimbursement of expenses of Paul Battista, Esq., of the law firm Genovese, Joblove & Battista, P.A., local counsel of record for the Official Committee of Unsecured Creditors in the above captioned jointly administered chapter 11 cases. (Doc. Nos. 243, 281, and 310). Also considered were this Court's interim and prior orders on compensation to Mr. Battista, (Doc. Nos. 294 and 338),

together with the amended objection to compensation filed by the United States Trustee for Region 21, (Doc. No. 380 amending 359), and the motion to alter or amend the prior orders of compensation filed by the Debtors' principal Mr. Stuart Dunkin. (Doc. No. 353). Upon conclusion of the hearing conducted on September 1, 2009, this Court took the matters under advisement, and now finds and concludes the following.

### Statement of the Case

On November 6, 2008, the debtors filed petitions under Chapter 11 of Title 11, United States Code. This Court subsequently ordered that the chapter 11 cases to be jointly administered, and on August 5, 2009, a Joint Plan of Reorganization was confirmed.

With regards to the Compensation Applications of Mr. Battista, this Court approved his employment as local counsel for the Official Unsecured Creditors Committee, on December 27, 2009, retroactive to November 24, 2008. Mr. Battista has filed an interim fee application and two supplemental seeking compensation of fees in the amount of $74,282.50 and reimbursement of expenses of $543.50.

### Jurisdiction

The applications and objections filed against them and the compensation orders all constitute a contested matter and are a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O); 11 U.S.C. §§ 330 and 331; Fed. R. Bankr.P.2016, 9013, and 9014. This Court has jurisdiction to hear, determine, and enter appropriate orders under 28 U.S.C. §§ 157, 1334.

### Discussion

■ A review of professional fees begins with the statutory framework set out

in 11 U.S.C. §§ 327–330. *See Miller Buckfire & Co., LLC v. Citation Corp. (In re Citation Corp.)*, 493 F.3d 1313, 1318 (11th Cir.2007). Mr. Battista was employed under Section 1103(a) which authorizes the Committee to employ professionals, with this Court's approval, "to represent or perform services for such committee." Just because Mr. Battista was employed by the Committee does not change the statutory standard for review of professional fees.

█ It is uniformly recognized in the Eleventh Circuit, that the starting point for calculating reasonable attorney's fees is that of the lodestar method. *See Citation*, 493 F.3d at 1318; *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 878 (11th Cir.1990); *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988). *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). Simply put, the "lodestar method," is a computation of the reasonable time expended by counsel in performing the reasonably required services rendered multiplied by a reasonable hourly rate.

Neither at the application to employ Mr. Battista nor at his application for compensation, has any party in interest objected to Mr. Battista's hourly rate or the hourly rates of those in his firm. By his verified statement under Rule 2014, Mr. Battista's hourly rate is $500 and the hourly rate for the primary associate in his firm that billed time in this case, Ms. Heather Harmon, is $310. These rates do appear to be on par with rates charged in the Southern District of Florida, Miami, where Mr. Battista customarily practices. Without objection, this Court finds under the facts and circumstances of this case that Mr. Battista's hourly rates charged by his firm in this case are reasonable.

█ Procedurally, Mr. Battista, has not filed a Final Fee Application. Rather, Mr. Battista filed his First Interim Application, (Doc. No. 243), on May 15, 2009. That application was supplemented, (Doc. No. 281), on June 16, 2009. Right on its heels Mr. Battista filed a Second Supplemental Application, (Doc. No. 310), on June 30, 2009. The U.S. Trustee objected to the timing of these multiple interim fee applications. In accordance with Section 331, interim compensation may not be awarded more than once every 120 days. "Section 331 is intended to alleviate the unwarranted financial burden on professionals that occurs when judicial scrutiny, allowance, and payment of fees applications is withheld until the conclusion of the case, as contemplated by Section 330." *In re Commercial Financial Services, Inc.*, 231 B.R. 351, 354 (Bankr.N.D.Okla.1999). Section 331 does permit, upon finding of cause by the Court, for a reduction of the time period of 120 days. This requires a finding by the Court on a case by case basis. The case does not raise unusual circumstances warranting more frequent applications, and professionals did not seek permission by this Court under Section 331 to submit compensation applications on a more frequent basis.

█ In resolution of the U.S. Trustee's objection to the timing of Mr. Battista's compensation applications, the U.S. Trustee and Mr. Battista arrived at a consensus to treat them all together as a final fee application governed by Section 330(a), title 11, United States Code. One reason for obtaining this consensus is that the Applicant, Mr. Battista, agreed and stipulated on the record to not seek further professional fees for services provided to the Official Committee after June 30, 2009. This Court does find after a review of the

court record in this case that Mr. Battista, or members of his firm, were in attendance at hearings before this Court after July 1, 2009. The concession made by Mr. Battista with regards to his post July 1, 2009 services, together with treating all of the compensation applications as a final application under Section 330, appear reasonable under the circumstances of this case. This Court thereby finds and concludes that Mr. Battista's applications (and supplemental) are to be considered together as a final fee application under Section 330(a).

Mr. Dunkin, objects to Mr. Battista's application, and raises allegations of duplicate charges and billing errors shared between Mr. Battista's law firm and that of Mr. Ian Winters, Esq. of Klestadt & Winters, L.L.P., a New York law firm approved as co-counsel to represent the Official Committee. Mr. Dunkin objects to approximately $45,000 of duplicative work conducted by both law firms representing the Official Committee.[1] It appears by Mr. Dunkin's listing of objectionable time entries, that approximately $17,302.50 of objectionable time is being sought by Mr. Battista. The U.S. Trustee likewise raises objections to Mr. Battista's fee applications on grounds of duplication of services provided between his firm and that of Mr. Winters' firm, as well as lumping of time entries, insufficient task detail, and/or basis for having multiple attendees at conferences, meetings, and court hearings. The U.S. Trustee and Mr. Battista arrived at a proposed settlement of the U.S. Trustee's objections to compensable time. Mr. Battista has agreed to reduce his overall professional compensation request by 10% or $7,482.60.

In accordance with Fed. R. Bankr.P. 2016, the applicant is required to provide sufficient detail. The U.S. Trustee has the statutory obligation to "review, in accordance with procedural guidelines.., applications filed for compensation and reimbursement under section 330 of title 11." 28 U.S.C. § 586(a)(3)(A)(I). In furtherance of that mandate, the Executive Office of the United States Trustee promulgated in 1994 the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330.* 61 F.R. 24890, May 17, 1994. These guidelines were not written in a vacuum, but rather on a foundation of case law spanning both the Bankruptcy Act and Code.

Prior to the United States Trustee program, it was the Bankruptcy Court that held an independent mandate to review fee applications. That requirement still exists independently with the Court, but is also held concurrently with that of the United States Trustee. Case law supports the objections raised by the U.S. Trustee. Neither the Eleventh Circuit nor the Middle District of Florida permit "lumping" of discreet entries together into singular time entries. *See In re Beverly Manufacturing Corp.,* 841 F.2d 365, 370 (11th Cir.1988); *In re Mulberry Phosphates, Inc.,* 151 B.R. 948, 950 (M.D.Fla.1992)("Applicants cannot circumvent the requirements of detail by 'lumping' together several activities into a single entry"). Lumping is impermissible be-

1. Mr. Dunkin asserts that the amounts are in excess of $45,000 and constitute duplicate charges or clerical errors. It does not appear that any of Mr. Dunkin's asserted objectionable time entries from Mr. Battista are due to clerical errors. Mr. Winters' fee application is also the subject of objections by Mr. Dunkin as well as the U.S. Trustee and are the subject of a separate order.

cause it fails to shed the requisite light upon the activities for the Bankruptcy Court to determine "whether or not the time spent on a specific task was reasonable" and beneficial or even necessary. *See Mulberry,* 151 B.R. at 950.

 Counsel for the Official Committee have an obligation to their client, the committee, as well as to the bankruptcy estate to keep professional costs to a minimum. Mr. Dunkin raised that as an objection and included correspondence apparently between members of the Official Committee and their putative co-counsel. Although co-counsel may have projected a range of professional costs, the complexities of any given case must also be taken into account. The alleged correspondence between putative co-counsel and the Official Committee, although interesting in and of itself, it was allegedly written early in the case and prior to several changes in ultimate direction the case took overall. This Court does not consider that alleged correspondence relevant in conducting its review under Section 330 at this time in the case. However, part of the criteria for attorney fee awards to creditors' committee counsel include a quantity factor as well as a result factor.

 Mr. Battista, as local co-counsel, does appear to perform many of the same functions as that of Mr. Winters, as New York co-counsel to the Committee. This duplication of work appears to impact the efficiency, economy, and necessity of these two professionals' services provided to their client and ultimately impacts the bankruptcy estate. While all parties were on notice that the Committee was utilizing co-counsel, duplicity of services provided are not generally warranted. As seen here, Mr. Dunkin alleges that duplicity and

necessity increased the overall Official Committee counsels' costs by over $45,000. By maintaining a cost benefit analysis of professional billing, counsel for the Committee ensures that their actions secure a results driven outcome; here the bottom line amount recovered for the estate and its creditors. Under the facts of this case, this Court concludes that the agreement reached between the U.S. Trustee and Mr. Battista is reasonable and addresses the concerns raised by not only Mr. Dunkin, but also by this Court. However, that does not completely resolve the professional compensation matter.

 This Court also must review professional compensation to determine the impact upon, and what is in the best interests of, the creditors and the bankruptcy estate. Mr. Dunkin owns the interests in the jointly administered debtors. His interests are provided for under Class 10 of the confirmed plan. Had this Court awarded Mr. Battista 100% of his compensation, that compensation would have been paid in full under Article 2 of the confirmed plan prior to Mr. Dunkin receiving any distribution. As this Court has found and concluded that Mr. Battista's professional compensation is due to receive a bankruptcy haircut, those clippings fall down to the classes of claims. This Court finds and concludes that the reduction in professional compensation allowed to Mr. Battista is to inure to the benefit of the General Unsecured Creditors.

Accordingly, it is

ORDERED, ADJUDGED, AND DE-CREED that the Motion to Alter or Amend Order Granting Amended First Supplement Application of Paul Battista, (Doc. No. 353), filed by the party in interest, the Debtors' Principal, Stuart Dunkin,

be and is hereby SUSTAINED in part and denied in part. It is further

ORDERED, ADJUDGED, AND DECREED that the Omnibus Objection filed by the United States Trustee, as amended, (Doc. Nos. 380 amending 359), to the extent of the objections raised to the Applications and interim compensation of Paul Battista, be and is hereby SUSTAINED. It is further

ORDERED, ADJUDGED, AND DECREED, that the First Interim Order Allowing Compensation to Paul Battista, entered under Section 331 by this Court, (Doc. No. 294), be and is hereby AMENDED and SUPERCEDED by this Final Order. It is further

ORDERED, ADJUDGED, AND DECREED, that the Second Order Allowing Compensation to Paul Battista, entered by this Court, (Doc. No. 338) be and is hereby AMENDED and SUPERCEDED by this Final Order. It is further

ORDERED, ADJUDGED, AND DECREED that in accordance with 11 U.S.C. § 330, the Applications of Paul Battista, of the law firm Genovese, Joblove & Battista, P.A., as local counsel to the Official Committee of Unsecured Creditors be and are hereby finally APPROVED in the following total amounts:

(A) Professional Fees—$66,799.90 for reasonable professional services rendered from November 24, 2008 to the entry date of this order; and

(B) Expenses—$543.50 for the reasonable and necessary expenses incurred in provided the professional services stated above.

It is further

ORDERED, ADJUDGED, AND DECREED that the reduction in compensation, totaling $7,482.60 shall be paid in addition to the "Debtor shall fund an initial sum of $100,000 in December 2009," (Plan 4.9.2), and shall be disbursed to Class 8 General Unsecured Claims in accordance with the first Distribution Date contemplated in the Plan to Class 8 claimants. (Plan 4.9.2).