**IN RE: Earl Bernard BRITT, Sr., Debtor.**

**CASE NO.: 14–40336–KKS**

United States Bankruptcy Court, N.D. Florida, **Tallahassee Division.**

Signed April 21, 2016

Allen Turnage, Allen Turnage, P.A., Tallahassee, FL, for Debtor.

*ORDER APPROVING, IN PART, APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES TO AUSLEY & MCMULLEN, BANKRUPTCY ATTORNEYS FOR OVERSECURED CREDITOR, CAPITAL CITY BANK, PURSUANT TO 11 U.S.C. 506(b) (DOC. 384) AND SUSTAINING, IN PART, DEBTOR'S OBJECTION (DOC. 393)*

KAREN K. SPECIE, United States Bankruptcy Judge

THIS CASE is before the Court upon the *Application for Allowance of Compensation and Reimbursement of Expenses to Ausley & McMullen, Bankruptcy Attorneys for Oversecured Creditor, Capital City Bank, Pursuant to 11 U.S.C. 506(b)* (the "Application," Doc. 384), the *Debtor's Objection to Motion of Attorney for Capital City Bank for Postpetition Administrative Expenses/Attorney Fees* (the "Objection," Doc. 393), and Capital City Bank's reply to the Objection (Doc. 394). The Court heard argument of counsel at a hearing on March 10, 2016. The parties waived an evidentiary hearing.

In the Application, bankruptcy counsel for Capital City Bank (the "Bank") requests attorneys' fees of $43,090.50. In his Objection, the Debtor requests that the Court award the Bank attorneys' fees in an amount not to exceed $10,000.00. For the reasons set forth below, the Court will award the Bank attorneys' fees in the amount of $32,021.00.

The Debtor filed this case on June 10, 2014. The Bank's attorneys filed three stay relief motions, a motion to dismiss the case, and proofs of claim; they reviewed DIP reports, various motions, claims and other pleadings filed by the Debtor and other parties, and attended hearings on the Bank's, the Debtor's and other parties' motions. The Bank's attorneys also engaged in extensive communications with Debtor's counsel in connection with adequate protection, inspection of the Debtor's home, and obtaining an appraisal of that property.

The parties agree that at all material times the Bank's claims were over-secured. The Docket and the Bank's attorney time records reflect that at various times during the case the Debtor stopped making adequate protection payments to the bank, failed to timely file DIP reports, and made it extremely difficult for the Bank to obtain access to his homestead in order to inspect and perform an appraisal.

 The Court reviews the reasonableness of fees under 11 U.S.C. § 506(b) under a federal standard.[1] In making this determination, the Court is governed by the factors enunciated in *Johnson v. Georgia Highway Express, Inc.* (the "*Johnson* factors").[2] In this case, the Court has paid

---

1. 4 Collier on Bankruptcy ¶ 506.04[3][d] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.2015).

2. 488 F.2d 714, 717–19 (5th Cir.1974); *see In re Villaverde*, No. 11–37442–BKC–LMI, 2016 WL 1179343, at *2 n. 5 (Bankr.S.D.Fla. Mar. 25, 2016) (discussing fees awarded under 11

particular attention to the first *Johnson* factor: the time and labor required for the case. Under that factor, the trial judge is to weigh the hours claimed against her own knowledge, experience, and expertise,[3] scrutinize a claim for fees for duplication of effort, and distinguish between legal services and clerical work.[4]

Most of the Bank's attorneys' time appears reasonable and in keeping with the necessities of properly representing their client's interests. Some of the time was arguably unnecessary, such as reviewing some other parties' proofs of claim; some of the time was clerical in nature, such as making photocopies and filing pleadings with the Court. While a few time entries appear excessive in light of the services performed, the most significant issue with the Application is not necessarily with the services performed, but with the way the services were reported on the billing statements.

Billing records must clearly identify each discrete task billed. Local Rule 54.1 for the Northern District of Florida provides, in subsection (C):

> **Maintaining Time Records.** No award of attorney's fees will be made based in whole or part on time devoted to a case unless the attorney or other timekeeper made a contemporaneous, detailed rec-

ord of the time to the nearest tenth hour. A detailed record must provide enough information to allow the Court to evaluate reasonableness; an entry like "research" or "conference" without a description of the subject will not do.

■ Aggregation of multiple tasks into one billing entry, referred to as block billing or lumping, is routinely disallowed or reduced. This type of billing makes it exceedingly difficult to determine the reasonableness of the time spent on each of the individual tasks performed.[5] "As a result of lumping time, the timekeeper fails to sustain [his] burden of providing that [his] fees are reasonable."[6] "Consequently, courts will summarily disallow time for discrete legal services merged together in a fee application."[7] If different tasks are lumped together in one time entry it is impossible for a court to reconstruct this time after the fact without simply guessing.[8] The Eleventh Circuit has held that a bankruptcy court did not abuse its discretion by disallowing fees based, in part, on discreet entries lumped together into single time entries.[9]

Some courts have disallowed all fees that are lumped together or block-billed; other courts have disallowed certain percentages of such fees; yet other courts have reduced each instance of block billing to a certain limited amount of time.[10] The

---

U.S.C. § 330 and stating that the *Johnson* factors more appropriately apply when 11 U.S.C. § 330 does not apply); *see also In re Southside, LLC,* 520 B.R. 914, 920 n. 7 (Bankr.N.D.Ga.2014) (" 'Reasonable' fees, as it is used in the Bankruptcy Code, means actual and necessary fees incurred.").

**3.** *Johnson,* 488 F.2d at 717.

**4.** *Id.*

**5.** *Fulbright & Jaworski v. U.S. Trustee (In re Mulberry Phosphates, Inc.),* 151 B.R. 948, 950 (M.D.Fla.1992).

**6.** *In re GSC Grp., Inc.,* No. 10–14653, 2012 WL 676409, at *3 (Bankr.S.D.N.Y. Feb. 29, 2012) (citing *In re Brous,* 370 B.R. 563, 576 (Bankr.S.D.N.Y.2007)).

**7.** *In re GSC Grp., Inc.,* 2012 WL 676409, at *3.

**8.** *Guidry v. Clare,* 442 F.Supp.2d 282, 294 (E.D.Va.2006).

**9.** *Brake v. Tavormina (In re Beverly Mfg. Corp.),* 841 F.2d 365, 370 (11th Cir.1988).

**10.** *In re Poseidon Pools of Am.,* 216 B.R. 98, 100 (E.D.N.Y.1997) (resolving uncertainties

precedent in this District for how the Court may deal with time entries that are not specific enough, that can be translated to lumped time entries, or block billing, in a fee application is set forth in *Key Auto Liquidation Center, Inc.*[11] In that involuntary case the petitioning creditors applied for an administrative claim for fees and costs in filing the involuntary petition, pursuant to 11 U.S.C. §§ 503(a) and (b). The objecting creditors argued, among other things, that some of the time entries were too vague for the court to determine whether the time was related to filing the involuntary petition. Judge Killian disagreed, stating:

> The requirement that entries on timesheets be made in a manner that allows review by the court should not 'impose slavish and overburden-some record-keeping requirements which, in the final analysis, result in fee applications of such enormous length and detail that they are of little ultimate value to the Court in awarding fees.' *In re Frontier Airlines, Inc.*, 74 B.R. 973, 976 (Bankr. D.Colo.1987). As long as counsel makes a 'reasonable effort to submit meaningful billing records from which … an informed evaluation of the nature, rea-

sonableness and value of the services which have been provided' can be made, the time records are sufficient. *Id.* In this case, the entries in the time sheets are sufficiently specific when viewed in context to allow evaluation of their necessity and reasonableness.[12]

■ Although the Debtor did not raise this specific issue in his objection, the Court has reviewed the time spent and used its judgment as to how much to reduce time entries that reflect block billing, or lumping.[13] In light of the Court's familiarity with the Bank's counsel's experience and reputation as a bankruptcy lawyer, and in light of that counsel's reasonable hourly rate, the Court has elected to reduce the time but not as dramatically as other courts may have done.

In most instances the Application at issue contains detailed descriptions of the services performed. The lumping of much of the services into large blocks of time makes it difficult, and in some instances virtually impossible, to determine how much time was spent on each task and whether such time was reasonable. The Court has reduced the award in consideration of this issue.[14] The Court has also

---

due to poor record-keeping against the applicant); *In re Acevedo*, No. DG 12–06576, 2014 WL 6775272, at *6 (Bankr.W.D.Mich. Nov. 24, 2014); *In re CCT Commc'ns, Inc.*, No. 07–10210, 2010 WL 3386947, at *7 (Bankr. S.D.N.Y. Aug. 24, 2010) (disallowing "lumped" entries to the extent they exceed thirty minutes); *In re Baker*, 374 B.R. 489, 494 (Bankr.E.D.N.Y.2007) (requiring a claimant to justify its charges with "detailed, specific, itemized documentation" and noting that lump billing is "routinely disallowed" (citations omitted)); *In re Fibermark, Inc.*, 349 B.R. 385, 395 (Bankr.D.Vt.2006) (requiring a fee application to clearly identify each discrete task billed and the time spent on that task and disallowing lumped fees); 28 C.F.R. pt. 58, App. A(b)(4) (2016).

11. 384 B.R. 599, 607 (Bankr.N.D.Fla.2008).

12. *Id.*; *see also Moeller v. Cassedy*, No. 4:03MC7–SPM, 2006 WL 566494, at *2 (N.D.Fla. Feb. 8, 2006).

13. *See, e.g., In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir.), *cert. denied*, 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977) (where petition for an award of fees was not sufficiently detailed, bankruptcy court had a duty to conduct evidentiary hearing and assess the value of the services provided).

14. Attorneys practicing in this District are warned that the Court does not view the practice of block billing favorably. In future, the Court may resort to more significant reductions or disallowance of fees requested if block billing, or lumping, is present.

considered, and sustains and overrules in part, specific matters addressed in the Debtor's Objection: [15]

a. The Bank's attorneys are not requesting an enhancement, as the Debtor alleges in paragraph 7.

b. The Debtor defaulted on his adequate protection payments to the Bank after filing his Notice of Adequate Protection Payments, so his allegation in paragraph 8 that "no work was required to continue the payment stream on these oversecured debts" is inaccurate.

c. The Debtor suggests in paragraph 9 that the time charged for review of tax claims unrelated to the property that secures the Bank's claims should be disallowed. The Court disagrees. The only way for the Bank's attorneys to know that the tax claims were for other properties was to review the proofs of claim. Contrary to the Debtor's argument here, some review of the Bank's loan documents was absolutely necessary.

d. In paragraphs 11 through 13, the Debtor objects to, among other things, "excessive charges" billed in November 2014. As shown below, the Court has reduced certain of these billing entries. The Debtor's objections in paragraphs 12 and 13 not specifically addressed in this Order are overruled.

e. In paragraph 14, the Debtor alleges he should not be charged for twenty hours of attorney time for preparation of "two" motions for relief from stay.[16] This objection is sustained, in part, as reflected below.

f. In paragraph 15, the Debtor argues that he should not be charged for

internal meetings, conversations relating to motions filed by other entities, or for the Bank's attorney(s) to attend hearings on those matters. This objection is sustained, in part, as reflected below.

g. The Debtor complains, in paragraph 16, of "numerous internal meetings and discussions" in April 2015 that "resulted in nothing more than an appraisal of the Debtor's property." What he fails to admit is that he is the one who made the inspection and appraisal of his homestead so difficult, so this objection is, for the most part, overruled.

h. The Court agrees with the Debtor's objection, in paragraph 17, that time for making copies and other clerical-type duties is not compensable, so that objection is sustained and the fee award has been adjusted accordingly.

i. The Debtor also objects to the Bank's attorneys' work on an emergency Motion to Compel in May 2015, and asserts that a "couple of phone calls" would have resolved the matter. The Court disagrees; this objection is largely overruled. The Bank had a legitimate concern about the possible deterioration of the most valuable asset securing its claims. The billing records show that counsel for the Bank and the Debtor communicated frequently in April 2015 about the Bank's request for inspection and appraisal of the Debtor's home, much to no avail. This contradicts the Debtor's assertion that a "couple of phone calls" would have resolved this matter.

---

**15.** The Debtor voiced no objection to the Bank's costs.

**16.** The Bank actually filed three motions for relief from stay.

j. The Debtor alleges that the Bank's attorneys spent nearly 7 hours preparing orders on stay relief motions, citing to pages 27–28 of the fee application. No such entries appear on those pages. If anything, it appears that counsel spent 1.5 hours preparing these orders and submitting them to Debtor's counsel for review, and some additional time reviewing and filing the finalized orders.

k. In paragraph 19, the Debtor alleges that time spent reviewing and forwarding emails in July of 2015 is excessive. This objection is overruled.

l. The Debtor's objection, in paragraph 20, to the Bank's attorneys' time for review of motions to sell property not pledged to the Bank, review of other parties' pleadings, and attendance at hearings on other parties' motions is overruled. The Debtor filed motions to sell multiple parcels of property. It would be impossible for the Bank's counsel to know which properties the Debtor was proposing to sell without reading the Debtor's pleadings pertaining to each proposed sale. Further, reviewing pleadings not directly related to a client's collateral is routine when counsel for a secured creditor has become active in a Chapter 11 case.

m. In paragraph 21, the Debtor argues that the Bank's counsel spent too much time on emails and phone calls in September 2015, including one email regarding a sale of property free and clear of liens that took 0.6 hours to compose. The Court finds this time reasonable; this objection is overruled.

n. In paragraph 22, the Debtor argues that he should not be charged for the Bank's attorney to review orders on motions to amend orders not related to the Bank's collateral. The Court disagrees; the only way to know what property such orders addressed was to review them.

o. The Bank's attorneys did not, as the Debtor alleges in paragraph 23, charge 1.1 hours to "procure a payoff from the bank." Rather, the 1.1 hours was for that and several other tasks, some of which the Court has disallowed. The Court overrules the Debtor's objections to time spent by the Bank's attorney talking to another creditor's attorney about the status of collateral, motions, and orders unrelated to the Bank's collateral.

p. In paragraph 25, the Debtor argues that time spent preparing and defending the Application should be reduced in proportion to the fees reduced by this Order. The Court disagrees; the time spent preparing the Application is reasonable and compensable.

■ The Debtor's request for a reduction of the Bank's fees to $10,000 merely because its fees exceed the Debtor's is not justified. The Debtor filed this Chapter 11 voluntarily in order to take advantage of the benefits it might provide. This forced the Bank to retain counsel to protect its interests. Post-petition, the Debtor defaulted on his adequate protection payments to the Bank, requiring the Bank's counsel to monitor this case and the Debtor more closely and take appropriate action. The Debtor cannot have it both ways: he cannot invoke the provisions of the Bankruptcy Code and then complain when an over-secured creditor accrues attorneys' fees as a result.

Having carefully reviewed the Application and the Debtor's detailed objections, the Court will reduce or disallow certain

time entries for various reasons, including lack of specificity, block billing, duplication of effort, and charges for apparent clerical-type services, as follows:

| 2014 Date | Time-keeper | Time Reduction | Basis for Reduction |
|-----------|-------------|----------------|---------------------|
| 8/25/2014 | JMD | 0.5 | Duplicative time for review bank documents; notice of AP payments was only one page |

| Date | Timekeeper | Time Reduction | Basis for Reduction |
|---|---|---|---|
| 9/12/2014 | JMD | 1.5 | Duplication - additional review of bank documents |
| 9/24/2014 | JMD | 0.1 | Excess |
| 10/2/2014- 10/6/2014 | JMD | 2.1 | Excess time on POCs: one of which was withdrawn due to incorrect documents being attached |
| 10/22/2014 | JMD | 0.4 | Excess |
| 10/23/2014 | JMD | 0.1 | " |
| 10/29/2014 | JMD | 0.1 | " |
| 11/12/2014 | JMD | 0.2 | " |
| 12/1/2014 | JMD | 0.1 | " |
| 12/2/2014 | JMD | 0.3 | Review addition to creditor matrix unnecessary; review POC vague |
| Total | | 5.4 | |
| Hourly Rate | | $260.00 | |
| Deduction | | $1,404.00 | |

| 2015 Date | Time-keeper | Time Re-duction | Basis for Reduction |
|---|---|---|---|
| 1/6/2015 | JMD | 0.1 | Review POC vague |
| 1/15/2015 | JMD | 0.3 | Duplicative re: withdrawal of cash collateral motion |
| 2/18/2015 - 2/20/2015 | JMD | 5.0 | Review of bank documents duplicative; 10.0 hours for stay relief motions excess |
| 2/23/2015 - 2/26/2015 | JMD | 3.5 | Excessive; block billing |
| 3/27/2015 | JMD | 1.5 | Block billing |
| 3/29/2015 | JMD | 2.5 | Duplicative |
| 3/30/2015 | JMD | 1.5 | Block billing |
| 3/31/2015 | JMD | 1.0 | Block billing; telephone conference with court reporter |
| 4/20/2015 | JMD | 0.1 | Duplicative review of assignment of claim |

| 4/22/2015 | JMD | 1.0 | Block billing, but total communications x .2/each equals amount billed |
|---|---|---|---|
| 4/23/2015 | JMD | 0.5 | Block billing |
| 4/27/2015 | JMD | 3.0 | Excessive; block billing |
| 4/28/2015 | JMD | 1.5 | Block billing; filing motions and certificates of service - clerical |
| 4/30/2015 | JMD | 0.8 | Block billing; clerical |
| 5/1/2015 | JMD | 1.5 | Block billing; clerical |
| 5/11/2015 | JMD | 1.0 | Block billing |
| 5/12/2015 | JMD | 1.0 | Block billing |
| 5/29/2015 | JMD | 0.1 | Clerical |
| 6/5/2015 | JMD | 0.2 | " |
| 6/11/2015 | JMD | 0.5 | Block billing; clerical |
| 9/3/2015 | JMD | 0.1 | Duplicative |
| 12/30/2015 | JMD | 0.2 | Clerical |
| Total | | 26.9 | |
| Hourly Rate | | $275.00 | |
| Deduction | | $7,397.50 | |

| 2016 Date | Time-keeper | Time Reduction | Basis for Reduction |
|---|---|---|---|
| 1/14/2016 | JMD | 0.5 | Excess |
| 1/29/2016 | JMD | 0.1 | Duplicative |
| Total | | 0.6 | |
| Hourly Rate | | $280.00 | |
| Deduction | | $168.00 | |

| 2015 Date | Time-keeper | Time Reduction | Basis for Reduction |
|---|---|---|---|
| 3/30/2015 | ALB | 3.0 | Duplicative; excess research |
| 3/31/2015 | ALB | 2.9 | Excess |
| 4/23/2015 | ALB | 0.4 | Duplicative |
| 4/26/2015 | ALB | 2.5 | Duplicative; excess research |
| 4/27/2015 | ALB | 1.0 | Excess |

| 4/28/2015 | ALB | 0.3 | Excess; clerical |
|-----------|-----|-----|------------------|
| 5/1/2015 | ALB | 0.4 | Duplicative |
| Total | | 10.5 | |
| Hourly Rate | | $200.00 | |
| Deduction | | $2,100.00 | |

| **Total Deduction** | **$11,069.50** |
|---------------------|----------------|

For the reasons stated, it is OR-DERED:

1. The *Application for Allowance of Compensation and Reimbursement of Expenses to Ausley & McMullen, Bankruptcy Attorneys for °verse-cured Creditor, Capital City Bank, Pursuant to 11 U.S.C. § 506(b)* (Doc. 384) is GRANTED, IN PART, as set forth in this Order.

2. The *Debtor's Objection to Motion of Attorney for Capital City Bank for Postpetition Administrative Expenses/Attorney Fees* (Doc. 393) is SUSTAINED, IN PART, as set forth in this Order.

3. Pursuant to 11 U.S.C. § 506(b), Ausley & McMullen, bankruptcy counsel to Capital City Bank, is entitled to and is awarded attorneys' fees of $32,021.00 and expenses of $1,169.40, for a total of $33,190.40.

4. The Bank's application requested that the fees awarded be added to its claim secured by the Debtor's homestead. This request is denied. Rather, the total amount awarded may be added, on a pro rata basis, to the two claims filed by the Bank as follows:

a. $32,113.94 may be added to Claim No. 25–2, based on a note secured by a mortgage on the Debtor's homestead; and

b. $1,076.46 may be added to Claim No. 28–1, based on a note secured by non-homestead property.

DONE and ORDERED on April 21, 2016.